**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MALAKI S.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 2:25-cv-01081** |
| | : | **Judge James L. Graham** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

## I.       PROCEDURAL HISTORY

Plaintiff brings this case challenging the Social Security Administration's redetermination of his continuing eligibility for Supplemental Security Income ("SSI") upon attaining age 18.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 13), Plaintiff's Reply (ECF No. 14), and the administrative record (ECF No. 7).  The Undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I.       BACKGROUND

Plaintiff previously received SSI based on disability as a child.  When he turned eighteen years old, the Social Security Administration redetermined his eligibility for benefits as an adult

and concluded that, as of January 23, 2023, he was not under a disability.  Upon reconsideration, the determination was upheld.  Thereafter, Plaintiff appeared, without counsel, before an administrative law judge ("ALJ").  (ECF No. 7, PAGEID #: 58–79.)  On September 18, 2024, the ALJ issued a decision finding that Plaintiff's disability ended on January 23, 2023, and that he has not become disabled since that date.  (*Id.* at PAGEID ##: 34–51.)  The Appeals Council denied Plaintiff's request for review on July 24, 2025.  (*Id.* at PAGEID ##: 52–57.)

The ALJ found that Plaintiff was eligible for SSI benefits as a child for the month preceding the month in which he attained age 18, and applied the five-step sequential process for evaluating whether an individual 18 or older is disabled.[1]  (ECF No. 7, PAGEID #: 38.)  Relevant here:

- Step Two:[2] The ALJ found that, since January 23, 2023, Plaintiff has had the following severe impairments: borderline intellectual functioning and autism spectrum disorder.  (*Id.* at PAGEID #: 39.)

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009).

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 416.920(a)(4).  The first step is to apply the rule used for individuals who are engaging in substantial gainful activity.  20 C.F.R. § 416.920(b).  However, this step is not used for redetermining disability at age 18.  20 C.F.R. § 416.987(b).

- Step Three: The ALJ further found that, since January 23, 2023, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity

("RFC"), in pertinent part, as follows:

> [S]ince January 23, 2023, [Plaintiff] has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can understand, remember, and carryout simple instructions. He cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. There could be no interaction with the public as part of the primary job duties. There could be occasional interaction with coworkers and supervisors, but all communication would be limited to the straightforward exchange of information without negotiation, persuasion or conflict resolution. He can deal with only occasional changes in a routine work setting.

(*Id.* at PAGEID # 41.)

- Step Four: The ALJ determined that Plaintiff has no past relevant work. (*Id.* at PAGEID #: 45.)
- Step Five: Relying on the VE's testimony, the ALJ concluded that, since January 23, 2023, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at PAGEID #: 46.)

The ALJ therefore concluded that Plaintiff's disability ended on January 23, 2023, and he

has not become disabled again since that date. (*Id.*)

## II.    RELEVANT RECORD EVIDENCE

The Undersigned has reviewed the portions of the administrative record relevant to the

claimed errors raised by Plaintiff.    Rather than summarizing that information here, the

Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

3

### III.     STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III.    ANALYSIS

Plaintiff asserts one Statement of Error, contending that the ALJ reversibly erred by omitting certain limitations opined by the state-agency psychologists in crafting Plaintiff's RFC—including a limitation, among others, that Plaintiff be limited to tasks where changes to work duties can be explained.  (ECF No. 10 at PAGEID ##: 492–95.)  The Undersigned finds Plaintiff's contention of error to be well-taken as to the ALJ's omission of that limitation.[3]

The determination of a claimant's RFC is an issue reserved to the Commissioner.  20 C.F.R. § 416.927(d).  Nevertheless, substantial evidence must support the Commissioner's RFC finding.  *Berry v. Astrue*, No. 1:08-cv-411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010).  The ALJ determines a claimant's RFC based on relevant evidence in the record, including objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings.  *See* 20 C.F.R. § 416.913(a)(1)–(5).  "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state-agency psychologist's limitations wholesale."  *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (citation omitted).  "However, if the ALJ accepts a medical opinion but does not include a restriction recommended by that expert in the RFC, the ALJ must explain why [s]he did not do

---

[3] This finding obviates the need for in-depth analysis of Plaintiff's other challenges to the ALJ's formulation of the RFC.  Specifically, Plaintiff also contends that the ALJ erred by omitting the state-agency psychologists' findings that Plaintiff should be limited to (1) routine tasks that do not require prolonged periods of focus and concentration to complete and that are not tied to strict production demands; and (2) tasks that do not involve working closely with others.  (ECF No. 10.)  The Undersigned need not, and does not, resolve whether Plaintiff's alternative bases support reversal and remand.  Nevertheless, on remand, the ALJ may consider Plaintiff's remaining challenges.

so." *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-cv-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020).

Here, the ALJ found the state-agency psychologists' opinions "generally persuasive" and noted that, among other limitations, the state-agency psychologists opined that Plaintiff is limited to "simple, routine tasks . . . where duties remain relatively static and changes can be explained." (ECF No. 7, PAGEID #: 44.)  The ALJ explained, however, that she did not "adopt their findings verbatim" because they "used terms that are not vocationally relevant without additional explanation, such as prolonged or superficial." (*Id.*)  That said, the ALJ explained that "the noted areas of limitation have been considered and incorporated into the [RFC]" and that the RFC "therefore fully accounts for the reviewing psychologists' findings with respect to reduced complexity, limited interaction with others in terms of both quality and quality, reduced production demands, and reduced novelty demands." (*Id.*)

Plaintiff does not dispute how the ALJ evaluated the persuasiveness of the state-agency psychologists' findings.  Instead, Plaintiff argues that the ALJ erred by omitting the state-agency psychologists' finding that Plaintiff should be limited to work where any changes can be explained. (ECF No. 10, PAGEID # 495.)  The Undersigned agrees.

The ALJ omitted the state-agency psychologists' finding that Plaintiff is limited to "tasks where work duties remain relatively static and changes can be explained." Instead, the ALJ simply provided that Plaintiff have "only occasional changes in a routine work setting." (ECF No. 7, PAGEID # 41.)  Thus, the ALJ's RFC does not account for the state-agency psychologists' finding because "limiting changes to being 'occasional' merely addresses the frequency with which they

6

can occur. It does not at all govern *how* changes can occur, including whether they can be implemented immediately and without advanced explanation." *Leonard F. v. Comm'r of Soc. Sec.*, No. 2:22-CV-4183, 2024 WL 1254354, at *3 (S.D. Ohio Mar. 25, 2024) (remanding where the ALJ's RFC formulation limiting the plaintiff to only "occasional changes in duties and the work setting" did not encompass the expert's opinion that "major changes must be explained in advance and gradually implemented").

The ALJ's decision to omit this limitation is not explained in her decision.  While an ALJ is under no obligation to mirror a medical opinion verbatim, she does have an obligation to "meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017).  In this case, the ALJ found the state-agency psychologists' opinions to be generally persuasive and consistent with the evidence and, therefore, "was obligated to incorporate the limitations from their opinions or, alternatively, explain why [s]he declined to include the limitations." *Kimberly S. v. Comm'r of Soc. Sec.*, No. 3:21-CV-310, 2022 WL 17820565, at *4 (S.D. Ohio Dec. 20, 2022) (remanding where the ALJ failed to include an expert's opined limitation that the plaintiff work in "a relatively static work environment" where changes "can be explained in advance" and instead formulated an RFC providing that the plaintiff have "only occasional changes to a routine work setting, defined as one-to-two changes per week").  "An ALJ's failure to provide such an explanation requires

remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision." *Id.*

The Commissioner counters that other evidence in the record supports the ALJ's formulation of Plaintiff's RFC to exclude the limitation to work where changes can be explained. (ECF No. 13, PAGEID # 521.)  But this argument ignores the fact that the ALJ affirmatively stated that she *did* include this limitation in her RFC formulation; the ALJ stated that she "considered and incorporated into the [RFC]" the state-agency psychologists' opined limitations, including the limitation to work where changes can be explained, even though she did not.  (ECF No. 7, PAGEID # 44.)  Moreover, the Commissioner's argument fails because "accepting the Commissioner's attempt to explain this omission would result in the Court 'engaging in post hoc rationalization, which is prohibited.'"  *Queen v. Comm'r of Soc. Sec.*, No. 2:16-CV-1082, 2017 WL 6523296, at *10 (S.D. Ohio Dec. 21, 2017) (quoting *Miller v. Comm'r of Soc. Sec.*, No. 1:13–CV–1872, 2014 WL 3950912, at *13 (N.D. Ohio Aug. 12, 2014)).

In short, remand is warranted in this case because the ALJ found the opinions of the state-agency psychologists to be persuasive but failed to include a limitation to work where changes could be explained.  Moreover, the ALJ failed to offer an adequate explanation for why she declined to include this limitation.

IV.     **CONCLUSION**

For these reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** under Sentence Four of § 405(g).

## V.        PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**